H. N. WELLS ET AL., PETITIONERS, v. THE BÔARD OF COMMIS-
SIONERS OF CHEROKEE COUNTY.

(Filed 27 May, 1910.)

**County Commissioners—Mandamus—Money Demand—Public Roads
—Cherokee County—Highway Commission—Separate Entity.**

> Under ch. 210, Laws 1905, the Sheriff of Cherokee County shall
> pay over to the treasurer of the Highway Commission of Valley-
> town Township all moneys arising from taxes in that township
> levied for road purposes, to be expended upon the roads of the
> township; and this exempts that township from the general pro-
> visions of Revisal, sec. 2685, making damages assessed on account
> of laying out a road a county charge, and a *mandamus* will not
> lie against the county commissioners to compel such payment,
> though it is for a money demand.

APPEAL from *Ferguson, J.,* at the August Term, 1909, of
CHEROKEE.

Petition for a writ of *mandamus.* Upon the hearing his
Honor rendered the following judgment:

In the above-entitled case the summons was made returnable
to August term of the Superior Court. See summons.

An alternative *mandamus* issued, returnable on second Mon-
day in August, being the first day of said term, commanding
the board of commissioners to pay or cause to be paid the sev-
eral sums of the respective petitioners, or show cause why they
did not.

It appears from the statute creating the Highway Commis-
sion of Valleytown Township and the petition filed herein that
the proceedings were regular and that the jury assessed the
damages as claimed by the respective petitioners, and that the
report of the jury was confirmed by the said Highway Com-
mission of Valleytown Township, and that demand has been
made on the board of commissioners for payment of the respect-
ive sums assessed as damages, and payment refused.

On the call of the petition for hearing the respondents did
not answer, but moved the court to transfer the case to the ap-
pearance or summons docket, to be tried as other civil actions.
This motion was based on the contention that the suit was for
a money demand. With light before the court, the motion of
the board of county commissioners was granted, and the peti-
tioners excepted. The board of commissioners filed a demurrer
to the petition. After argument it was agreed by and between
counsel that the judge should take the papers and review the
former ruling as well as to render judgment on the demurrer
and render his decision out of term.

I am of the opinion that the statute creating the highway commission is authorized by the Constitution; that so far as appears from the petition, the proceedings were regular and damages assessed just. I regard the report of the jury laying off the roads and assessing the damage and the confirmation of the report of the highway commission of equal and no greater force than the report of a jury appointed by the board of commissioners under section 2685 of Revisal of 1905. That in neither instance is the county or individual bound by the report, but the same is subject to review by the board of county commissioners; that said board may allow the claim for damages as reported, or may increase or decrease the damages as awarded, or disallow it altogether, and from such order the individual may appeal to the Superior Court, if so advised; or any taxpayer of the county, by making himself a party to the action, may appeal to the Superior Court.

This being my view of the law and method of procedure, I sustain the demurrer and adjudge that the petitioners pay the cost of the proceeding. The petitioners, if so advised, have leave to formally present the report to the Board of Commissioners of Cherokee County, or take such other course as to them may seem most advisable.

G. S. FERGUSON,<br>
*Judge Presiding.*

WAYNESVILLE, 24 August, 1909.

From the judgment rendered, the petitioner appealed.

*Dillard & Bell* for plaintiffs.
*Ben Posey* and *W. M. Axley* for defendants.

BROWN, J. As we construe the act to improve the public roads in Valleytown Township in Cherokee County, ch. 210, Laws 1905, this proceeding cannot be maintained.

We agree with his Honor that the *mandamus* is sought to enforce a money demand, but in our opinion it is not a money demand payable from the general funds of Cherokee County, and a *mandamus* will not lie against its board of commissioners to compel payment.

The aforesaid act created a body corporate under the name of the Highway Commission of Valleytown Township and gave to such commission complete jurisdiction over the roads of that township, including the laying out of new roads as well as the repair and maintenance of all roads. The act provides for the election of commissioners by the justices of the peace of the township and also for the appointment of a secretary and treasurer.

It also provides that all road taxes for Valleytown Township in the hands of the sheriff be paid over to such treasurer, and that all moneys arising from taxes in that township levied for road purposes be kept separate, to be expended upon the roads of the township. Section 4 of the act provides: "The treasurer of said highway commission shall make payments out of the road funds belonging to said township only upon the written order signed by the president and secretary of the commission."

It is contended that by section 2685 of the Revisal of 1905 the damages assessed on account of laying out public roads are deemed and made a county charge. That is true under the general road law, but Valleytown Township has a road law of its own, which exempts it from the general road law of the State.

Under that law the remedy of petitioners is to be had by proceedings against that corporate body and treasurer thereof.

Petition dismissed.